PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of the alleged negligent maintenance of County Road 10/2 in Belmont. County Road 10/2 is a road maintained by respondent in Pleasants County. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on January 28, 1999. County Road 10/2 is a third priority, twelve to fourteen foot, dirt road that is located off of County Route 1 in Pleasants County. Previously, respondent graded the dead-end road about once a year because the road was used by hunters. Some time before the incident, claimant moved to the property located about three-tenths of a mile on County Road 10/2. From County Road 10/2 to claimant’s residence there has an unpaved drive-way approximately three-tenths of a mile. Currently, claimant’s residence is the farthest residence down the road.
On the day in question, the road was in a state of disrepair and was saturated with mud. This state of disrepair made vehicle travel on the road difficult. As claimant proceeded up a grade in the road in his 1982 Olds Delta 88, the vehicle’s wheels became stuck in the muddy road. While claimant was attempting to drive his two-door sedan out of the mud, the vehicle’s engine blew up. Claimant towed the disabled vehicle to his property with the aid of his truck. At the time of the incident, there were about 89,000 miles on the vehicle’s engine. The vehicle currently remains parked on claimant’s property. Claimant bought a Ford Bronco II as a replacement. Since claimant had a liability insurance policy only, there was no insurance coverage for this incident. The resulting loss to claimant was in the amount of $2,152.32.
Respondent acknowledged that County Road 10/2 is a third priority road and it asserts that it took corrective measures after receiving notice of the state of disrepair on the road.
This Court previously stated in Barnard vs. Division of Highways that low priority roads must be maintained in a reasonable state of repair. Id., 21 Ct. Cl. 103 (1996). As a third priority dirt road, County Road 10/2 should be maintained in a reasonable state of repair. However, the Court is of the opinion that respondent failed to maintain County Road 10/2 in a reasonable state of repair. Respondent knew that the road had been used by hunters and that the hunters’ vehicles made ruts in the road. For this reason, respondent would grade the road, especially since there were other families in the location in question that needed to be able to use the road. Simply put, respondent allowed County Road 10/2 to become a muddy mess. Unfortunately, the deterioration *97 of the road was t hep roximate cause of claimant’s vehicular damage, and this is sufficient evidence of negligence upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does make an award in this claim to claimant in the amount of $275.00, the blue book value of his vehicle.
Award of $275.00.